UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRITTER CONTROL, INC., ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | Case No. 3:13-cv-00695 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Griffin |
| CARY YOUNG d/b/a ELITE CRITTER ) | |
| CONTROL, ) | |
| ) | |
| Defendant/Counter-Plaintiff, ) | |

# MEMORANDUM & ORDER

On September 8, 2014, the Magistrate Judge Issued a Report & Recommendation ("R&R") (Docket No. 109), which recommends that the plaintiff's Motion for Summary Judgment (Docket No. 90) be granted, that the defendant's Motion for Summary Judgment (Docket No. 85) and the defendant's Motion for Preliminary Injunction (Docket No. 46) be denied, and that the plaintiff's Motion to Dismiss the defendant's counter-claims (Docket No. 32) be denied as moot. The defendant has filed Objections to the R&R. (Docket No. 113.)

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). However, issues are not waived if the magistrate judge

1

fails to warn the party of the potential waiver. *See Mattox v. City of Forest Park*, 183 F.3d 515, 519-20 (6th Cir. 1999).

The R&R accurately summarizes the facts and procedural posture of this case, which the court incorporates by reference herein.

The defendant's Objections are not a model of a clarity. Granting the Objections a liberal construction in light of the defendant's *pro se* status, the court construes the defendant as objecting only to the Magistrate Judge's recommendation that the court grant summary judgment to the plaintiff on the plaintiff's Lanham Act and Michigan unfair competition claims. The court therefore will adopt the Magistrate Judge's recommendations that the defendant's Motion for Preliminary Injunction and Motion for Summary Judgment be denied, recommendations to which the defendant has not made specific and coherent objections.

With respect to the plaintiff's Motion for Summary Judgment, the defendant argues that the Magistrate Judge erred by: (1) concluding that the plaintiff has shown, as a matter of law, that a likelihood of confusion exists based on the evidence in the record;[1] (2) concluding that the plaintiff's mark is not "generic"; (3) recommending that the court grant summary judgment to the plaintiff on a claim arising under Michigan law, because (a) the defendant is not subject to claims under Michigan law, and (b) the plaintiff has not provided sufficient evidence to support summary judgment on that claim; (4) refusing to assist the defendant in obtaining certain "materials" in support of his defense during the discovery process; and (5) failing to act impartially because of the defendant's *pro se* status. With respect to the fourth objection, the

---

[1] Although the defendant asserts variations of this argument in several sections of his Objections, the basic premise of these arguments is the same.

defendant's discovery-related objections are insufficiently specific to justify *de novo* review.[2] As to the fifth objection, it is again insufficiently specific to justify *de novo* review and, at any rate, finds no support in the record. The court will therefore limit its review to the first three categories of objections.

An incontestable federally registered mark can be canceled on the basis that it has become generic, but the burden of rebutting that presumption is on the defendant. *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 405 (6th Cir. 2002). Here, the defendant contends that the term "critter control" is generic, whereas his own service mark "elite critter control" is not. In support of this argument, the defendant argues that the plaintiff has not presented sufficient evidence to show that the term "critter control" is *not* generic. The defendant misconstrues his burden: because the plaintiff's mark is incontestable, the burden is on the defendant to provide sufficient competent evidence to displace the presumption that the mark is not generic. In his Objections, the defendant does not identify any specific evidence supporting his contention that the term "critter control" is generic. The defendant's conclusory assertions are insufficient to displace the presumption that the term "critter control" is not generic. Therefore, the court finds no error in the Magistrate Judge's finding that the plaintiff's service mark is not generic.

---

[2] Even if the court were to address the merits of these vague objections, the court would agree with the Magistrate Judge that the defendant's arguments are conclusory and that the defendant has failed to show by affidavit or declaration that a discovery dispute would prevent him from presenting facts essential to justify his opposition to summary judgment.

As to a likelihood of confusion, the defendant contends that the Magistrate Judge made unjustified findings concerning the eight potentially relevant factors. *See Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). As the defendant points out (and as the Magistrate Judge correctly found), there is no evidence of actual confusion and the record does not show that the defendant intentionally selected the plaintiff's mark. However, evidence of actual confusion, although potentially *sufficient* to show a "likelihood of confusion," is not required, and "a lack of such evidence is rarely significant." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). Similarly, intentional infringement is not required. As to the remaining factors, five factors weigh in favor of the plaintiff and the sixth factor is not relevant here:

- Strength of the Plaintiff's Mark: As the Magistrate Judge correctly found, because the plaintiff's service mark is registered, valid, and incontestable, the mark is presumed to be either inherently distinctive or descriptive with a secondary meaning. "[W]hen a mark is incontestable, then it is presumed to be at least descriptive with secondary meaning, and therefore a relatively strong mark." *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 600 (6th Cir. 1991) (internal quotation omitted); *Daddy's Junky Music*, 109 F.3d at 282. Although the defendant asserts in conclusory fashion that the plaintiff's mark is less distinctive than his own service mark (which adds the adjective "elite" to the plaintiff's mark), the defendant fails to identify specific evidence sufficient to overcome the presumption that the plaintiff's mark is a strong mark.

- Similarity of the Marks: The defendant argues that the marks bear "little to no similarity" because the "the Defendant's logo and the Plaintiff's logo are completely different and bare [sic] no similarities." Aside from this generalization, the defendant does not identify how the marks are dissimilar, rendering the objection insufficiently specific to justify second-guessing the Magistrate Judge's conclusions. Regardless, "[t]his factor entails more than a side-by-side comparison of the trademarks in question." *Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 633 (6th Cir. 2002). "Instead, the relevant inquiry is whether a particular trademark, *when viewed alone*, would lead to uncertainty about the goods or services that it identifies." *Id.* (emphasis added). This analysis "account[s] for the possibility that sufficiently similar marks may

4

confuse consumers who do not have both marks before them but who may have a general, vague, or even hazy, impression or recollection of the other party's mark." *Daddy's Junky Music*, 109 F.3d at 283. On review, this court agrees that the marks are sufficiently similar to support a likelihood of confusion, notwithstanding the addition of the term "elite" and certain differences between the two logos. Given that consumers would likely be exercising only ordinary care when looking for animal removal services, any differences in the logos are likely to be less significant. Furthermore, addition of the adjective "elite" to the plaintiff's mark does not sufficiently distinguish the defendant's service mark from the plaintiff's.[3]

- Relatedness of the Parties' Services: Both the defendant and the plaintiff market animal removal services in Tennessee (including within Middle Tennessee), thereby offering the same services and competing for the same group of customers in this area.[4] Under these circumstances, "confusion is likely if the marks are sufficiently similar," *Daddy Junky Music*, 109 F.3d at 282, which the marks at issue here are.

- Likelihood of Purchaser Care: The defendant, without citation to any competent evidence, states that the public necessarily understands that "Elite Critter Control" is distinct from "Critter Control." However, as the Magistrate Judge found – and as the defendant concedes in his Objections – customers would not be expected to exercise any more than ordinary care in selecting a provider of animal removal services. The services at issue are not expensive, unusual, or targeted towards buyers who have special expertise or sophistication with respect to the services offered. Therefore, the court agrees with the Magistrate Judge that this factor favors the plaintiff. *See Wynn*, 943 F.2d at 602 ("In general, the less care that a purchaser is likely to take in comparing products, the greater the likelihood of confusion.")

---

[3] To take other examples, differences in the logos notwithstanding, it could not reasonably be argued that a business called "Elite Hobby Lobby" marketing discount goods does not infringe on the national "Hobby Lobby" brand, that a local business called "Elite Cracker Barrel" offering a combined restaurant and gift store does not infringe the national "Cracker Barrel" brand, or that a local business called "Elite Merry Maids" offering customized residential cleaning services does not infringe the national "Merry Maids" brand.

[4] The defendant argues that he does not compete with the plaintiff in Michigan. Even if true, it is no defense to infringement of the plaintiff's mark within Tennessee.

5

- Likelihood of Expansion of Product Lines: As the Magistrate Judge correctly found, because the parties already provide the same services in the same geographic area, this factor is of no importance. *See Audi AG v. D'Amato*, 469 F.3d 534, 545 (6th Cir. 2006). Furthermore, whether the defendant intends to expand into other markets is irrelevant: the fact is that the defendant is already infringing the plaintiff's mark in a geographic area within which the parties directly compete for services.

- Marketing Channels: The court considers "the similarities or differences between the predominant customers of the parties' respective goods or services, and whether the marketing approaches employed by each party resemble each other." *Audi*, 469 F.3d at 543 (internal quotation omitted). "Simultaneous use of the internet as a marketing tool exacerbates the likelihood of confusion . . . ." *Id.* (internal brackets and quotation omitted). Here, as discussed, the parties essentially compete for the same types of customers (those seeking animal removal services). The parties also both utilize the internet to market their services. Thus, this factor favors the plaintiff.

The balance of factors weighs strongly in favor of the plaintiff and supports a finding that there is a likelihood of confusion here. The defendant has not provided competent evidence establishing that genuine disputes of material fact exist as to these elements or as to the issue of likelihood of confusion more generally. Therefore, summary judgment on liability in favor of the plaintiff is warranted with respect to the plaintiff's Lanham Act claim.

With respect to the Michigan unfair competition claim, the defendant argues that he cannot be held liable under Michigan law in the first place. All of the alleged infringement of the plaintiff's service mark by the defendant has occurred within Tennessee, the defendant is a Tennessee resident, and the court perceives no realistic connection between this case and Michigan other than the fact that the plaintiff is headquartered in Michigan. In light of these facts, the defendant raises a legitimate choice-of-law question that is not addressed in the R&R and that has not been adequately briefed by the parties. Given that this Memorandum and Order leaves several issues open in the first place (including damages), the court finds that it would be

more efficient and fair to have the parties address this issue before the Magistrate Judge in the first instance. Accordingly, the court will deny the plaintiff's motion without prejudice as it relates to the Michigan unfair competition claim, but the court will permit the plaintiff to renew its motion for summary judgment on that claim, provided that it can present legal authority justifying the application of Michigan law here.[5]

Certain other issues also remain for resolution. As the Magistrate Judge's R&R states, further proceedings are necessary to address what injunctive relief is warranted (including cancellation of the defendant's Tennessee trademark registration under Tenn. Code § 47-25-509(3)(F) and a permanent injunction under 15 U.S.C. § 1116) and what damages, if any, are warranted in this case.

On a final note, the court notes that the docket reflects previous settlement discussions between the parties that were unsuccessful. To the extent that settlement discussions broke down because of any refusal by the defendant to change the name of his business, the defendant is strongly advised to consider resuming settlement discussions with the plaintiff and to retain counsel to advise him in this process. In addition to paying up to three times actual damages sustained by the plaintiff, the defendant could be required to disgorge certain profits he has earned through use of the "Elite Critter Control" mark, to pay the plaintiff's costs, and to pay the plaintiff's reasonable attorney's fees, if this is found to be an "exceptional case." *See* 15 U.S.C.

---

[5] In any event, the Michigan unfair competition claim seems to be peripheral to the Lanham Act claim, which already carries with it statutory grounds for making the plaintiff whole, including the potential recovery of actual damages, disgorgement of profits, attorney's fees, and costs, as well as injunctive relief.

§ 1117. In other words, even if the plaintiff has difficulty proving actual damages (as the defendant seems to believe will be the case), the defendant could still be required to pay the plaintiff a substantial sum of money. Clearly, the defendant is passionate about his business and firmly believes that he did not intentionally do anything wrong. For his own benefit, the court sincerely hopes that these beliefs will yield to the stark reality of the situation he faces and that, as a consequence, this case will reach an expeditious and amicable resolution.

In sum, the court finds as follows:

- The Magistrate Judge's R&R (Docket No. 109) is **ADOPTED IN PART and VACATED IN PART**.

- The plaintiffs' Motion for Summary Judgment is **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE** (Docket No. 90). The court hereby **GRANTS** summary judgment to the plaintiff as to liability with respect to the plaintiff's Lanham Act claim only. The court hereby **DENIES WITHOUT PREJUDICE** the plaintiff's request for summary judgment on its Michigan unfair competition claim. If the plaintiff believes that the claims are viable under Michigan law, the plaintiff may seek to renew its motion for judgment on the unfair competition claim in accordance with deadlines to be set by the Magistrate Judge.

- The defendant's Motion for Summary Judgment (Docket No. 85) and Motion for Preliminary Injunction (Docket No. 46) are **DENIED**.

- The plaintiff's Motion to Dismiss the defendant's counter-claims (Docket No. 32) is hereby **DENIED AS MOOT**.

This case is currently set for trial on October 28, 2014, although it does not appear that any triable issues of liability remain.[6] As soon as practicable, the Magistrate Judge shall hold a

---

[6] Michigan unfair competition claims track Lanham Act claims, so there is no prospect of a triable issue of fact concerning liability related to that claim, even if the defendant chooses to pursue it.

status conference with the parties to (1) determine whether the plaintiff intends to renew its Rule 56 motion as it relates to the Michigan unfair competition claim, and set appropriate deadlines accordingly, (2) assess the prospects for settlement, and (3) set any further case management deadlines as appropriate, including a recommendation to postpone the trial, if appropriate. To the extent that the Magistrate Judge concludes that a damages hearing is appropriate in this case, the Magistrate Judge is hereby authorized to conduct that hearing.

It is so **ORDERED**.

Enter this 30th day of September 2014.

_____
ALETA A. TRAUGER
United States District Judge