IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRITTER CONTROL, INC. | ) | |
| | ) | |
| v. | ) | NO. 3:13-0695 |
| | ) | |
| CARY YOUNG, d/b/a ELITE CRITTER CONTROL | ) ) | |

TO:     Honorable Aleta A. Trauger, District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered July 16, 2013 (Docket Entry No. 54), the Court referred this action to the Magistrate Judge for case management, decision on all pretrial, nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1), and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

Presently pending before the Court is the plaintiff's motion for a permanent injunction (Docket Entry No. 136) and proposed order granting a permanent injunction and other relief. See Docket Entry No. 138. The defendant has filed a response in opposition (Docket Entry No. 146) to the motion for a permanent injunction. Also before the Court is the plaintiff's reply. See Docket Entry No. 147. For the reasons set out below, the motion should be granted and a permanent injunction should be entered in this action.

## I. BACKGROUND

Critter Control, Inc. ("Critter Control") is a Michigan corporation engaged in the business of animal and wildlife removal services and has franchises located across the United States. On

January 11, 2013, it filed this action in the Western District of Michigan against Cary Young ("Young"), a citizen of Tennessee residing in Madison, Tennessee, who operates a wildlife removal and relocating business using the name "Elite Critter Control." The plaintiff alleged that the defendant was violating the plaintiff's protected rights in the service mark "CRITTER CONTROL," which the plaintiff uses in commerce as a designator for its services and which was registered with the United States Patent and Trademark Office ("USPTO") on September 6, 1988. The plaintiff asserted a claim for trademark infringement under 15 U.S.C. § 1114(1) of the Lanham Act (the "Lanham Act") and a claim for unfair competition under Michigan common law and sought damages and various forms of injunctive relief. See Complaint (Docket Entry No. 1). Throughout the action, the defendant has acted pro se. By Order entered July 12, 2013 (Docket Entry No. 51), the Defendant's motion in support of improper venue (Docket Entry No. 29) was granted, and the case was transferred to this District.

By Memorandum and Order entered September 30, 2014 (Docket Entry No. 114), the Court granted summary judgment to the plaintiff as to the defendant's liability with respect to the plaintiff's Lanham Act claim, denied without prejudice the plaintiff's request for summary judgment on the Michigan unfair competition claim, denied the defendant's motions for summary judgment and a preliminary injunction, and denied as moot the plaintiff's motion to dismiss the defendant's counter-claims.

Additional proceedings were held before the Magistrate Judge, and a protective order was entered regarding the defendant's production of his invoice books to the plaintiff, see Order entered October 31, 2014 (Docket Entry No. 130), the plaintiff filed a notice that it would not seek money damages in the action but reserved its right to seek a permanent injunction, an order of destruction

of infringing articles, cancellation of the defendant's Tennessee trademark, attorneys' fees and court costs, pursuant to the Lanham Act, along with any and all other equitable and legal relief available to the plaintiff, see Docket Entry No. 134, and the parties agreed that the plaintiff's Michigan unfair competition claim should be dismissed without prejudice. See Order entered November 20, 2014 (Docket Entry No. 141).

## II. MOTION FOR PERMANENT INJUNCTION

The plaintiff has been granted summary judgment as to the defendant's liability under the Lanham Act, and the plaintiff is entitled to appropriate relief. Although the plaintiff has forgone its right to seek damages under 15 U.S.C. § 1117(a), the plaintiff is entitled to seek injunctive relief in accordance with 15 U.S.C. § 1116, which provides, in pertinent part:

> The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title.

Further, 15 U.S.C. § 1118, provides:

> In any action arising under this chapter, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description, or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed.

Generally, a plaintiff seeking a permanent injunction must demonstrate that it has suffered irreparable injury, there is no adequate remedy at law, that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted, and that it is in the public's interest to issue the injunction. Audi AG v. D'Amato, 469 F.3d 534, 550 (6th Cir. 2006). Having reviewed the parties' filings, the Court finds that the plaintiff has supported its motion and is entitled to permanent injunctive relief in accordance with Rule 65 of the Federal Rules of Civil Procedure. The plaintiff has established (1) that it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) it is in the public's interest to issue an injunction. The defendant's use of the infringing mark has harmed the plaintiff, will continue to irreparably harm the plaintiff if not enjoined, and causes a likelihood of confusion to the public. There is no balancing of hardships that favors the defendant or weighs against the issuance of a permanent injunction. The plaintiff has also shown that the defendant's state registration of the infringing mark should be cancelled pursuant to Tenn. Code. Ann. § 47-25-509.

Furthermore, the Court notes that, in the context of trade and service mark infringement actions, a specific finding of irreparable harm is not necessary and the Court need only find that a defendant is liable for infringement in order to award injunctive relief. See Circuit City Stores, Inc. v. CarMax, Inc., 165 F.3d 1047, 1056 (6th Cir. 1999); Wynn Oil Co. v. American Way Serv. Corp., 943 F.2d 595, 608 (6th Cir. 1991).

The arguments made by the defendant in his response in opposition to the motion for a permanent injunction are unpersuasive. Although a final, appealable judgment has yet to be entered in this action, summary judgment on the issue of liability under the Lanham Act has been entered

against the defendant. The defendant contends that he failed to cease his infringing conduct subsequent to the entry of summary judgment after being advised by the Magistrate Judge that no final order had been entered and that no appeal could yet be taken to the Sixth Circuit Court of Appeals. While the defendant was advised by the Magistrate Judge that a final order had not yet been entered from which an appeal to the Sixth Circuit Court of Appeals could be properly made, the defendant was in no way advised that his infringing conduct was permissible or could continue, and the defendant is simply mistaken in his belief that the fact that a final judgment has not yet been entered permits him to continue to commit infringing acts or excuses any current, ongoing acts of infringement that he is committing. The defendant also argues that the plaintiff's decision to not pursue relief in the form of monetary damages somehow equates to an admission on its part that the plaintiff has not suffered and will not continue to suffer injury because of the defendant's infringing conduct. This argument has no merit. A party's decision to not pursue monetary relief in no way forecloses its ability to pursue injunctive relief. Additionally, the defendant's infringing conduct is not protected merely because it occurs on what the defendant labels as a "personal" social media site. Finally, the issue of whether the defendant has infringed upon the plaintiff's protected mark has already been addressed and the Court has found in favor of the plaintiff on its motion for summary judgment.

To the extent that the plaintiff in its reply requests that any order of permanent injunction issued in this case include a provision requiring the defendant to post a complete and unedited copy of the injunction on any website where the defendant has previously published, posted, marketed, advertised, and/or commented with respect to the plaintiff's services, see Docket Entry No. 147, at 3-4, the Court is not persuaded that such a provision is necessary in this action.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that the plaintiff's motion for a permanent injunction (Docket Entry No. 136) be GRANTED and the proposed order submitted by the plaintiff (Docket Entry No. 138) be entered. It is further recommended that, upon entry of the Order, the Court cause to be entered a final judgment in this action in accordance with Rule 54 of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge